# IN THE SUPREME COURT OF THE STATE OF NEVADA

IN THE MATTER OF DISCIPLINE OF
BRETT J. MARSHALL, BAR NO. 9116.

No. 71352

FILED

APR 20 2017

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY_____
CHIEF DEPUTY CLERK

## *ORDER OF SUSPENSION*

This is an automatic review of a Southern Nevada Disciplinary Board hearing panel's recommendation that attorney Brett J. Marshall be suspended from the practice of law in Nevada for one year, stayed for six months conditioned upon his payment of restitution, and placed on probation for three years. The recommended discipline is based on Marshall's violations of RPC 1.1 (competence), RPC 1.3 (diligence), RPC 1.4 (communication), RPC 1.5 (fees), RPC 1.15 (safekeeping property), RPC 8.1(b) (bar admission and disciplinary matters), RPC 8.4 (misconduct), and SCR 79. Because no briefs have been filed, this matter stands submitted for decision based on the record. SCR 105(3)(b).

We review the hearing panel's recommendation de novo. SCR 105(3)(b). In determining the appropriate discipline, we weigh four factors: "the duty violated, the lawyer's mental state, the potential or actual injury caused by the lawyer's misconduct, and the existence of aggravating or mitigating factors." *In re Discipline of Lerner*, 124 Nev. 1232, 1246, 197 P.3d 1067, 1077 (2008). We must ensure that the discipline is sufficient to protect the public, the courts, and the legal profession. *See State Bar of Nev. v. Claiborne*, 104 Nev. 115, 213, 756 P.2d 464, 527-28 (1988) (noting purpose of attorney discipline).

17- 13087

The record establishes that Marshall violated the above-referenced rules by accepting a litigation matter he concedes he was ill-equipped to handle, pursuing a separate litigation matter even though the matter was statutorily required to proceed through arbitration, failing to communicate with his clients, accepting fees for work he did not complete, failing to safekeep those fees until he had earned them, failing to keep his client files secured, failing to timely respond to some bar grievances, and failing to notify his clients or the State Bar of his relocation. Marshall violated duties owed to his clients (competence, diligence, communication, and safekeeping property) and the profession (failure to update his contact information). The conduct alleged in the complaint appears to have been negligent. The clients involved were injured as a result, primarily in that they received little or no legal services in exchange for the fees they paid to Marshall. Further, Marshall's failure to respond to discovery requests placed one client in a position where it was necessary for her to settle her litigation to avoid summary judgment, and Marshall's failure to complete the requested work resulted in the garnishment of other clients' wages.

The hearing panel found the following aggravating circumstances under SCR 102.5(1): (1) prior disciplinary offenses,[1] (2) pattern of misconduct, (3) multiple offenses, and (4) substantial experience in the practice of law. The panel also found four mitigating circumstances under SCR 102.5(2): (1) absence of dishonest or selfish motive, (2) personal

---

[1]A letter of reprimand issued on March 9, 2012, related to Marshall's representation of a client while employed by a fraudulent loan modification company, and a letter of reprimand issued on March 14, 2012, related to his failure to communicate with a client or file a bankruptcy on behalf of the client after accepting payment from the client.

or emotional problems, (3) timely good faith effort to make restitution or to rectify consequences of misconduct, and (4) full and free disclosure to disciplinary authority or cooperative attitude toward proceeding. Specifically, Marshall suffered a serious medical condition that required lengthy hospital stays over a six-month period of time and hindered his ability to practice law.

Considering all these factors, we agree that a suspension is warranted. *See* Standards for Imposing Lawyer Sanctions, *Compendium of Professional Responsibility Rules and Standards*, Standard 4.42(b) and 452 (Am. Bar Ass'n 2015). Although we further agree that a stayed suspension of one year with a three-year probationary period is sufficient to serve the purpose of attorney discipline, *see Claiborne*, 104 Nev. at 213, 756 P.2d at 527-28, we believe that the purpose of attorney discipline is better served by staying the suspension for the entire term of the probationary period. We agree that the recommended conditions of probation are appropriate, whereby Marshall shall not have any further sustained violations of any Rule of Professional Conduct and shall have a mentor who files quarterly reports with the State Bar. We are, however, concerned that the recommended discipline does not address Marshall's testimony that he did not see a reason to track the work he completed on flat-fee client matters, and that he believed that keeping his client files with a non-attorney friend is an appropriate way to secure such files. Thus, to adequately protect the public, the courts, and the legal profession, *see id.*, Marshall should also be required to complete two CLE credits in the areas of ethics or law practice management, in addition to normal CLE requirements, for each year during his probationary period.

 

Accordingly, we hereby suspend attorney Brett J. Marshall from the practice of law in Nevada for a period of one year. That suspension is stayed and Marshall is placed on probation for three years from the date of this order subject to the following conditions: (1) he shall pay the restitution recommended by the hearing panel within six months, (2) no violation of any Rule of Professional Conduct is sustained against him during the probationary period, (3) he obtain a mentor approved by the State Bar and the mentor must file quarterly reports with the State Bar, and (4) he complete two CLE credits in the areas of ethics or law practice management, in addition to normal CLE requirements, for each year of his probationary period. Marshall shall also pay the costs of the disciplinary proceedings, including fees in the amount of $2,500, *see* SCR 120(1), as invoiced by the State Bar within 30 days of the receipt of the State Bar's invoice. The parties shall comply with SCR 115 and SCR 121.1.

It is so ORDERED.

_____, C.J.
Cherry

_____, J.          _____, J.
Douglas                                 Gibbons

_____, J.          _____, J.
Pickering                               Hardesty

_____, J.          _____, J.
Parraguirre                             Stiglich

 

cc:    Chair, Southern Nevada Disciplinary Panel
Marshall Law Group
C. Stanley Hunterton, Bar Counsel, State Bar of Nevada
Kimberly K. Farmer, Executive Director, State Bar of Nevada
Perry Thompson, Admissions Office, U.S. Supreme Court